McIlvaine, J.
The overruling of the demurrer to the-answer of defendants is assigned for error. By this demurrer, not only the sufficiency of the answer, but also the sufficiency of the petition, was drawn in question ; and it is insisted by defendants in error that upon the face of the petition it appears that the plaintiff in error had no interest in the cause of action therein stated, or, in other words, that the right of action on the bond accrued to David Johnson, as special trustee under the will, and not as executor ; and therefore the plaintiff in error did not succeed to-the power of managing this special trust, or the right to sue for a breach of this bond.
It is undoubtedly true that a testator may, by his will, cx-eate a special trust as to a particular fund, over which the executor is not authorized or required to exercise his official control or management. But, as a general rule, the power's of the executor are co-extensive with the trusts created by the will. The office of executor is only that of a trustee, and the whole will is looked to for-the purpose of ascertaining the nature and extent of the trusts created thereby, and the powers of the executor in relation thereto; and while the executor is engaged in administering any *290 and all the trusts created by the will, it must be presumed that he is acting in the capacity of executor alone, unless it plainly appears that such was not the' intention. To constitute the person named in the will as executor a special trustee, separate and apart from his office of executor, it is' not enough that the powers granted to him, or the duties imposed upon him in relation to a particular fund, be such as are unusual in the course of ordinary administration : it must also appear that the intention was to withdraw the particular trust from the management and control of the executor as such, and to create a separate office for its management; and this must appear in the face of the presumption that every provision made in the will for the management of the estate, and every part thereof before it passes into the hands of the beneficiary, was intended as a direction to the executor in his official character.
Now, in the will of Benjamin H. Johnson, there is not a single expression from which it can be clearly inferred that the testator intended that the parties named in the will as executors should manage this fund in the capacity of special trustees, and not in the capacity of executors. On the contrary, every power, duty, or discretion touching the management of this fund is given to the executors by official designation. It is true the language is, “I give and bequeath to my executors in trust; ” but we are of opinion that the testator intended the ordinary import of these words, to wit, that the bequest was to the officers named as such, and not to certain persons described by their official designation.
And it will be observed that the “executors” were to put the sum at interest for the period of six years, and the interest accruing was made a separate trust fund for, different uses, which the “executors” were directed to manage; and at the expiration of the six years the “ executors” were charged with the appropriation of the principal sum to the objects of the trust. It is also worthy of note, that this money was paid to Thompson by David Johnson, as “executor,” and the bond upon which suit was brought *291 was executed by the defendants to David Johnson, as “executor of the last will and testament of Benjamin H. Johnson.”
In our opinion, the plaintiff in error, as the successor of David Johnson, in the office of personal representative of Benjamin H. Johnson’s estate, succeeded to the control of this trust, and to the right to sue for a breach of this bond.
The next question to be considered is the sufficiency of the answer. The only defense sought to be made by the -sureties was, that, as to them, the consideration of the bond upon which suit was brought, had wholly failed.
The rule of the code is, that every material allegation of the petition, not controverted by the answer, shall, for the purposes of the action, be taken as true. Now, there is not in the answer any denial, either general or specific, of the truth of any allegation of the petition. How, then, stands the case upon the petition and answer?-
The substance of the petition is, that the obligee of the bond, at the time of its execution, paid to James H. Thompson, the principal obligor, the sum of ten thousand dollars, and that in consideration thereof, said Thompson, as principal, and said defendants, as his sureties, executed and delivered the bond to the obligee.
The substance of the answer is, that David Johnson, who, as executor of Benjamin H. Johnson, was obligee in the bond, proposed to and promised the defendants, in consideration that they would obligate themselves to the estate which he represented, as sureties for Thompson, in this -bond, that he would release and discharge them from all' liability on account of certain demands which he held against them in his individual right. That in consideration of said promise and agreement, and for no other consideration whatever, they made and entered into said bond. That said Johnson failed to keep and perform his promise and agreement to release and discharge -them from such liability, wherefore the consideration for which they entered into the bond set forth in the petition has wholly failed.
Now, the averment in the answer, that the sureties *292 entered into the bond for no other consideration whatever than the promise and agreement of Johnson, must be understood as meaning that there was no other consideration, moving to them directly, or for their personal benefit. But it by no means follows that their obligation, as written in the bond, is unsupported by any other consideration; for it is admitted, “for the purposes of the action,” that ten thousand dollars of money was paid, by the executor of Johnson’s estate, to James II. Thompson, their principal in the bond, as a consideration for their undertaking as bid-sureties. The relation between Thompson and the defendants, as principal and sureties, is admitted, and as a matter of law, the consideration which binds the principal to his engagement, will also bind the sureties to their engagement;. Hence it follows that the legal conclusion averred in the-answer, to wit, “that the consideration for which they made and entered- into the agreement set forth in the plaintiff’s petition has wholly failed,” is not warranted by the state of facts appearing on the record itself, and therefore the truth of the conclusion will not be regarded as admitted by the demurrer.
But if we rest the sufficiency of this answer upon its own statement of facts, without reference to undisputed allegations in the petition, we can not say, in point of law,, that the consideration of defendants’ bond has wholly failed.
The consideration of their undertaking, as stated in the-answer, was the promise and agreement of David Johnson, made in his individual capacity, to release the defendants from all liability on an obligation due to him in his own right. True he has failed to perform his promise and agreement, to the injury of defendants; but it is not averred that the performance of the promise and agreement was the consideration of their entering into the undertaking to him as the representative of Johnson’s estate: the allegation is-that the promise itself was the consideration. Thus we have a case in which one promise was made in consideration of another promise, which, in law, is a good con *293 sideration. The performance of neither promise was made dependent upon the performance of the other. Both contracts were executory, but the execution was not reciprocal. The release of the defendants was not to be executed by the parly to whom the promise of the defendants was made. Each party to the several agreements well understood the respective rights and duties involved. There is no allegation of fraud or mistake — no ground stated for the application of the doctrine of estoppel. Undoubtedly .the defendants expected that Johnson would perform his promise and release them from liability to him -on account of his individual demand, but the estate did not undertake to execute the release. Indeed, the representative of the estate, in his official capacity, could not have done so if he had contracted, to do it. The defendants knew all this, and knowing it, they accepted the individual promise and agreement of Johnson for that purpose. The -estate, however, through its representative, upon the faith of the defendants’ undertaking, paid ten thousand dollars to Thompson, who has made default. For this default the estate is entitled to its action against Thompson and his sureties; and for the default of Johnson, in failing to perform his promise to the defendants, they have a good cause of action against him. In our judgment, these two contracts, from the moment they were made, were as distinct and independent of each other, as they would have been if the private and official relations of David Johnson had been occupied by different persons. The parties to each stood toward each other according to the terms of the respective agreements. For the violation of either, the parties thereto had a right to resort to such action as the law provided therefor, without reference to, and wholly independent of the conditions of the other contract.
It follows, therefore, that the judgment below must be reversed, the demurrer to the answer sustained, and the cause remanded for further proceedings.